```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
TIMOTHY ASKEW,                                      :
                                                    :          REPORT &
                    Plaintiff,                      :       RECOMMENDATION
                                                    :          and ORDER
        -against-                                   :
                                                    :          11-CV-2412 (ENV)
ONE SERGEANT AND TWO OFFICERS of                    :
the N.Y.P.D. and THE N.Y.P.D.,                      :
                                                    :
                    Defendants.                     :
------------------------------------------------------------------ x
```
GOLD, STEVEN M., U.S.M.J.:

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that police officers unlawfully stopped and searched him on March 14, 2011. More specifically, plaintiff alleges that two New York City police officers and one sergeant traveling in a black unmarked van with license number EAW 5898 stopped and searched him outside a Chase Bank on Pitkin and Rockaway Avenues in Brooklyn, New York. On April 25, 2011, plaintiff filed the instant complaint in the United States District Court, Southern District of New York. By Order dated May 16, 2011, the action was transferred from the Southern District of New York to this Court.

*I.    Report & Recommendation*

First, plaintiff sues the "N.Y.P.D." and several police officers in this lawsuit. Plaintiff, however, cannot pursue a claim against the New York City Police Department. *See* N.Y. City Charter Ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Accordingly, I respectfully recommend that the N.Y.P.D. be dismissed

from this action, without prejudice to plaintiff's right to amend the complaint to name the City of New York as a defendant.

Any objections to this recommendation must be filed with the Clerk of the Court within fourteen days of this report and in any event no later than June 10, 2011. Failure to object to this report may waive the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *See Small v. Sec'y of Health & Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

II.     Order

Second, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam)*, the Court requests that Corporation Counsel ascertain the full names and service addresses of the officers who were involved in plaintiff's stop on March 14, 2011. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

Corporation Counsel is hereby requested to produce the information specified above regarding the identities and service addresses of the police officers by June 30, 2011. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued, and the Court shall direct service on the defendants.

Finally, plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 is hereby granted. The Clerk of the Court shall send a copy of this Order and the complaint to the New York City Law Department. No summonses shall issue at this time.

SO ORDERED.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
May 24, 2011

A copy of this R&R and Order will be mailed on this day to plaintiff at the address listed on the docket sheet.

*U:\eoc 2011\askew ifp & valentin.docx*