FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 14 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TIMOTHY ASKEW,

                             Plaintiffs,

     -against-

ONE SERGEANT AND TWO OFFICERS of
the N.Y.P.D. and THE N.Y.P.D.,

                             Defendants.
-------------------------------------------------------------------x

**MEMORANDUM & ORDER**

11-CV-2412 (ENV)(SMG)

**VITALIANO, D.J.**

    Pro se plaintiff filed the instant complaint on April 25, 2011 pursuant to 42 U.S.C. § 1983, alleging that police officers unlawfully stopped and searched him on March 14, 2011. The case was assigned to Chief Magistrate Judge Steven M. Gold for pre-trial proceedings. On May 24, 2011, Judge Gold issued a Report and Recommendation ("R&R") recommending that plaintiff's complaint against the New York City Police Department ("NYPD") be dismissed without prejudice. No timely objections to the R&R have been filed.

    In reviewing the Report and Recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made" by any party. Fed. R. Civ. P. 72(b).

    In his complaint, plaintiff sues the NYPD and several police officers. However, as Judge Gold correctly notes, plaintiff cannot pursue a claim against the NYPD. The Court finds Judge Gold's R&R as to the appropriate disposition of this matter to be correct, comprehensive, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R in its entirety as the

opinion of the Court and the complaint against the NYPD is dismissed without prejudice to plaintiff's right to amend the complaint to name the City of New York as a defendant. Plaintiff is cautioned, however, that any complaint against the City of New York must comply with Monell v. Dep't of Social Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978). Failure to do so will result in dismissal of the putative claim against the City.

Further, the Clerk is directed to forward a copy of this Memorandum and Order to Corporation Counsel for the City of New York, Special Federal Litigation Division. Within 30 days of the docketing of this Memorandum and Order, Corporation Counsel is directed to advise the Court whether a black van bearing New York State registration number EAW 5898 was in the control of NYPD officers on March 14, 2011, and, if so, to identify the officers assigned to that vehicle and the current duty assignment location for each.

**SO ORDERED.**

Dated: Brooklyn, New York
June 10, 2011

ERIC N. VITALIANO
United States District Judge