FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 11 2011

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TIMOTHY ASKEW,

                              Plaintiff,

       -against-

SERGEANT THOMAS GALIARDI (#996), P.O.
JOSHUA JONES (#2764), P.O. JOHN DOE, AND
THE CITY OF NEW YORK,

                              Defendants.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**

11-CV-2412 (ENV)(SMG)

**VITALIANO, D.J.**

      Pro se plaintiff Timothy Askew filed a complaint on April 25, 2011 pursuant to 42 U.S.C. § 1983, alleging that police officers unlawfully stopped and searched him on March 14, 2011. On June 14, 2011, this Court dismissed the complaint against the New York City Police Department and granted plaintiff leave to amend to add the City of New York ("the City") as a defendant. In that order, this Court cautioned Plaintiff "that any complaint against the City of New York must comply with Monell v. Dep't of Social Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978) [and] [f]ailure to do so will result in dismissal of the putative claim against the City." Plaintiff filed an amended complaint on September 6, 2011. On September 8, 2011, Chief Magistrate Judge Steven M. Gold issued a Report and Recommendation ("R&R") recommending that plaintiff's amended complaint against the City be dismissed.

      In reviewing the Report and Recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate

1

judge's disposition to which specific written objection has been made" by any party. Fed. R. Civ. P. 72(b). No objections were filed to Judge Gold's R&R of September 8, 2011.

In his amended complaint, plaintiff reiterates his allegations against several New York City police officers and adds the City as a defendant. As Judge Gold correctly notes, however, the amended complaint "does not allege any policy, practice or custom of the City of New York" that would support municipal liability under § 1983. The Court finds Judge Gold's R&R as to the appropriate disposition of this matter to be correct, comprehensive, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R in its entirety as the opinion of the Court and the complaint against the City is dismissed with prejudice. Furthermore, Defendants are ordered to answer or otherwise respond to the amended complaint on or before November 10, 2011.

**SO ORDERED.**

Dated: Brooklyn, New York
October 5, 2011

ERIC N. VITALIANO
United States District Judge